# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## SHONDA M. MICKEL v. ERIC CROSS, ET AL.

### Direct Appeal from the Circuit Court for Madison County
### No. C08226    Roy B. Morgan, Jr., Judge

### No. W2011-01160-COA-R3-CV - Filed September 26, 2011

Appellant filed his Notice of Appeal of an order of the trial court which failed to adjudicate all claims. We dismiss the appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, J., ALAN E.HIGHERS, P.J.,W.S., and DAVID R. FARMER, J.

Eric D. Cross, Jackson, Tennessee, appellant, Pro Se.

Kevin A. Snider, Memphis, Tennessee, for the appellee, Shonda M. Mickel.

### MEMORANDUM OPINION[1]

On August 4, 2008, Plaintiff Shonda Mickel filed a complaint for damages against Defendants Eric and Willene Cross d/b/a Willene's Home Repair, LLC. Among other things, Ms. Mickel's complaint included claims for breach of contract, fraud and/or misrepresentation, violations of the Tennessee Consumer Protection Act, and conversion. Ms. Mickel also requested an award of prejudgment interest in her prayer for relief.

After obtaining a default judgment against Willene Cross, the trial court conducted a trial as to Eric Cross and a writ of inquiry hearing as to Willene Cross on October 19, 2010.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The trial court found that the plaintiff had overwhelmingly proven the breach of contract claims, as well as the claims of fraud/misrepresentation, violations of the Tennessee Consumer Protection Act, and conversion. The trial court awarded Ms. Mickels compensatory damages, treble damages and her attorney fees. The trial court, however, did not adjudicate her claim for prejudgment interest.

By Order entered on August 2, 2011, this Court directed Appellant Eric Cross to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. Our Order of August 2, 2011, also provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice." On that same date, the Clerk of this Court mailed a copy of our Order of August 2, 2011, to the *pro se* appellant, by certified mail, return receipt requested. On August 5, 2011, the Clerk received the return receipt indicating that Appellant had received the mail parcel. As of this date, however, the Clerk has not received a supplemental record nor has Appellant responded to our Order of August 2, 2011.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed in this matter is not a final judgment, because the claim for prejudgment interest was not adjudicated. Thus, this Court does not have jurisdiction and we must dismiss this appeal.

### Conclusion

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction. Costs of this appeal are taxed to the Appellant, Eric D. Cross, for which execution may issue if necessary.

**PER CURIAM**